UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. MANLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:16-cv-03292-TWP-DLP |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of James E. Manley for a writ of habeas corpus challenges a prison disciplinary proceeding identified as prison disciplinary case number NCF 16-05-0252. For the reasons explained in this Entry, Mr. Manley's habeas petition is **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On May 26, 2016, Disciplinary Review Officer S. Byers wrote a conduct report charging Mr. Manley with being a habitual conduct rule violator contrary to IDOC Adult Disciplinary Code section B-200. The conduct report provides:

> On the above date and time, while processing conduct reports, I, S. Byers became aware that Offender Manley, James #900778 is in violation of a code 200 Habitual Rule Violator. He has been found or plead[ed] guilty to five related or unrelated class C conduct offenses in a period of six months or less according to OIS. Offender has been made aware of this conduct report.

Dkt. 10-1 (capitalization modified).

Mr. Manley was notified of the charge on the same day it was written, May 26, 2016, when he received the screening report and a copy of the conduct report. Dkt. 10-3. He pleaded not guilty to the charge, did not request witnesses or evidence, and did not request a lay advocate. *Id.* However, a lay advocate was later appointed for him. Dkt. 10-4.

A hearing was held on June 1, 2016. Dkt. 10-5. Mr. Manley again pleaded not guilty and provided a written statement. The statement, essentially his only defense to the habitual offender charge, reads:

> Pursuant to the U.S. and Indiana Constitutional prohibition on double jeopardy, I request this charge be dismissed. I have already been sanctioned on each of the Reports of Conduct and therefore they cannot be used to support a new charge of an habitual rule violator. Because IDOC policy does not allow for a conduct violation to be enhanced, any attempt to charge as an habitual rule violator would be impermissible attempt at double jeopardy.
>
> Additionally, IDOC policy states that the prior Reports of Conduct must be unrelated. If you look at the evidence that was submitted you see two reports for hearings on 5/25/16, and are therefore related. You also see three on 4/21/16, and are therefore related. As such I only have three class C conduct reports that are unrelated by time. I would also note that the evidence does not state case number for any conduct reports.

Dkt. 10-6.

The hearing officer considered Mr. Manley's statement, the conduct report, and OIS printouts and found him guilty of being a habitual offender.[1] Sanctions imposed included the loss of ninety days earned credit time and a demotion in credit earning class. Dkt. 10-5.

Appeals to the Facility Head and the IDOC Final Reviewing Authority were made; both appeals were denied. Dkts. 10-7 & 10-8. Mr. Manley then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.    Analysis**

**1. Grounds for Relief**

Mr. Manley asserts several grounds for relief in his petition for a writ of habeas corpus. He asserts that he was denied due process in each of the disciplinary proceedings that form the basis of his habitual offender conviction. Dkt. 1, p. 2. The other disciplinary convictions are not challenged, here or in other habeas corpus actions, and this proceeding exclusively concerns the disciplinary proceeding for being a habitual offender. But Mr. Manley asserts that in three of the underlying proceedings he did not receive the required advance notice before his hearing, dkt. 1, p. 5, that his hearing officer was not impartial in another proceeding, *id.*, that he was not allowed witnesses, dkt. 1, p. 6, that he was not allowed to present physical evidence, dkt. 1, p. 8, that his right to free exercise of religion was violated, dkt. 1, p. 9, that he was denied administrative due process, dkt. 1, p. 10, and that he was denied due process in his appeal to the Facility Head, dkt. 1, p. 11. None of these contentions is relevant to the Court's review of the disciplinary proceeding in the instant case.

---

[1] There were six underlying disciplinary proceedings, all for "refusing an assignment," a Code C-356 violation, identified as NCF 16-04-0108, NCF 16-04-0136, NCF 16-04-0161, NCF 16-04-0266, NCF 16-05-0184, NCF 16-05-0185, and NCF 16-05-0186. None of the Class C convictions involved the loss of earned time credits or a demotion in credit earning class.

As to the habitual offender proceeding, Mr. Manley first asserts that he did not receive the required advance notice before the hearing was held. Dkt. 1, p. 12. He asserts that he was told that a hearing would be held within seven working days, and appears to argue that he is entitled, pursuant to state law, that he be allowed at least twenty-four hours advance notice of the hearing. Dkt. 1, p. 12 (citing Ind. Code §§ 11-11-5-5 & 35-50-6-4(f)).

Second, Mr. Manley asserts that the disciplinary hearing officer was not impartial because he had refused to consider some of Mr. Manley's requests and affirmative defenses in earlier disciplinary proceedings. Dkt. 1, p. 12.

Third, Mr. Manley seeks habeas corpus relief on the ground that he has been sanctioned twice for the same conduct. He cites to Indiana state law defining habitual offenders for traffic and felony offenses and extrapolates those authorities to prison disciplinary proceedings, and also asserts that because he cannot be a habitual offender under Indiana law, he is not guilty of being a habitual offender under the Adult Disciplinary Code. Dkt. 1, p. 13. In this ground for relief, he also contends that his conviction violates the federal Double Jeopardy clause. Dkt. 1, p. 15.

Fourth, Mr. Manley asserts that he was denied due process during his facility level appeal because, he contends, the Warden did not specifically address each of the appellate arguments raised. He asserts that the Warden did not "meaningfully review[]" the case. Dkt. 1, p. 15.

In a summary of his claims section, Mr. Manley appears to incorporate his arguments from the underlying disciplinary proceedings concerning the calling of witnesses and production of evidence. However, those alleged claims do not apply to the instant disciplinary proceeding and are either irrelevant or not properly before the Court. Generally, the Court can review only a disciplinary proceeding whose sanctions include the loss of a liberty interest and there is present custody. *See Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001). And in *Wilson-El*

*v. Finnan*, 544 F.3d 762, 764 (7th Cir. 2008), the Seventh Circuit held that a habitual rule violator conviction did not open the door for federal review of the underlying rule violation convictions. Thus, this Court will review only the asserted due process violations that occurred during the instant case's disciplinary hearing.

  **2. Exhaustion**

Respondent agrees that Mr. Manley has exhausted each of his grounds for relief.

  **3. Discussion**

The scope of federal court review of a state prison disciplinary proceeding is limited and concerns due process rights. Only a very narrow set of rights are mandated in prison disciplinary proceedings. The primary sources for these rights are *Wolff*, 418 U.S. at 564-572 (setting forth the rights mandated by due process), and *Hill*, 472 U.S. at 453-457 (sufficiency of the evidence claims under the "some evidence" standard).

  (a) <u>Advance Notice of Hearing</u>

Mr. Manley's first ground for relief asserts that he failed to receive twenty-four hours' notice of the specific hearing date. *Wolff* requires at least twenty-four hours' notice in advance of a hearing, a procedure allowing a petitioner some time to prepare for his hearing. 418 U.S. at 564-72. Mr. Manley was told that his hearing would be held within seven days—thus, he received much more than twenty-four hours' notice. Due process does not require that he be informed of the exact date and time of his hearing, and Mr. Manley asserts no prejudice from having received more notice than required. There is no federal due process violation implicated.

As for the assertion that the state violated its own procedures by not providing exactly twenty-four hours' advance notice of the hearing, the violation of state rules, regulations, and procedures does not create a due process liberty interest cognizable in federal court. *Estelle v.*

5

*McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Habeas corpus relief is not available on these aspect of Mr. Manley's first ground for relief. Accordingly, the first ground for relief – the lack of notice of the hearing – is **denied**.

(b)        Impartial Decision Maker

Mr. Manley's second ground for relief is that he asserts the disciplinary hearing officer, because he had ruled against Mr. Manley in other hearings, was biased against him. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (*per curiam*). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

The hearing officer's history of presiding over Mr. Manley's prior disciplinary hearings and ruling against him in other matters does not violate due process. *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983); *Piggie*, 342 F.3d at 666-67. The hearing officer's review of the underlying disciplinary hearings is not improper, as it was a review of the evidence supporting the charge. Ground two is **denied**.

(c) <u>Double Jeopardy</u>

The third ground for relief Mr. Manley presents is that because he has been sanctioned for the underlying rule violations, punishment for being a habitual violator is double jeopardy. Initially, for the reasons explained above, the state law basis for Mr. Manley's argument does not transform this claim into a viable federal constitutional question and will not be further addressed. As to the federal question, Mr. Manley's instant offense is for being a habitual rules violator. That is a separate offense from refusing work assignments. There is no Double Jeopardy concern implicated. *Witte v. United States*, 515 U.S. 389 (1995). Ground three is **denied**.

(d) <u>Due Process During Administrative Appeal</u>

Mr. Manley's fourth and final ground for relief asserts that when the Warden did not specifically address each of Mr. Manley's appellate propositions, he did not give meaningful review to the appeals and therefore denied Mr. Manley due process. As respondent argues, *Wolff* does not require an administrative appeals process, and therefore no federal due process concern is implicated. 418 U.S. at 563-71. However, even if it were, there is no due process violation implicated on the facts alleged by Mr. Manley. The Warden's letter denying the appeal does not violate any due process protections for failing to set out each of the appellate arguments and/or explain the reasoning in detail. Mr. Manley's fourth ground for relief is meritless and is **denied**.

(e) <u>Summary</u>

Only four of the grounds asserted by Mr. Manley are directed to the disciplinary hearing action giving rise to this habeas corpus action. None of the four have merit and are **denied**. The other claims are either state law claims not cognizable in federal court, or concern the underlying disciplinary actions for which this Court lacks subject matter jurisdiction to consider.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Manley to the relief he seeks. Accordingly, Mr. Manley's petition for a writ of habeas corpus is **denied**. Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/13/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James E. Manley
900778
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Electronically Registered Counsel